The **PROCTER & GAMBLE CELLULOSE CO.,** Plaintiff–Appellee,

v.

**INVESTBANKA BEOGRAD,** Defendant–Appellant.

No. 00–7461.

United States Court of Appeals, Second Circuit.

Feb. 15, 2001.

Deyan Ranko Brashich, Esq., New York, NY, for appellant.

Linda C. Goldstein, Esq., Covington & Burling, New York, NY, for appellees.

Present JOHN M. WALKER, Jr., Chief Judge, OAKES and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court is hereby AFFIRMED.

Defendant-appellant Investbanka Beograd ("Investbanka"), a bank operating in the Federal Republic of Yugoslavia (Serbia and Montenegro), appeals from a March 27, 2000 judgment following a jury verdict in favor of plaintiff-appellee, the Procter & Gamble Cellulose Co. ("P & G"). On this appeal, Investbanka challenges the jury's imposition of liability against it for anticipatory repudiation of two letters of credit Investbanka issued to P & G on May 28, 1992.

Familiarity with the facts as detailed in the district court's opinion is assumed, see *The Procter & Gamble Cellulose Co. v. Investbanka Beograd,* No. 98 Civ. 2359, 2000 WL 520630, at *1–*2 (S.D.N.Y. May 1, 2000); only those facts relevant to this disposition are set out below. On May 28, 1992, Investbanka, through its New York agent, Beogradska Banka New York Agency ("Beogradska"), issued two letters of credit to P & G. In order to receive payment on the letters, P & G had to present them to Beogradksa before their expiration on June 30, 1992. *See id.* at *1. Beogradksa never forwarded the necessary documentation to P & G. On May 30, 1992, then U.S. President George H.W. Bush imposed economic sanctions against Yugoslovia. Pursuant to the economic sanctions, on May 31, 1992, the U.S. Office of Foreign Assets Control froze "[a]ll accounts in the name of Beogradska ... wherever located subject to U.S. jurisdiction" and stated that "no debts are authorized to those accounts" and all Beogradska's property "is blocked." A43. As a result, on June 11, 1992, Beogradska returned the two letters of credit to Investbanka and informed P & G of its action. SA79–80. Investbanka did not, upon receiving the letters of credit back from Beogradska, forward them to P & G. Red Brf. 9.

■ Investbanka advances two arguments on this appeal, both of which relate to the Uniform Customs and Practices for Documentary Credits ("UCP"), which was expressly adopted in the two letters of credit as governing law. First, Investbanka argues that Article 46 of the UCP—which provides in pertinent part that documents for payment on letters of credit "must be presented on or before [the] expiry date"—effectively precludes plaintiff's anticipatory repudiation claim because P & G never presented the letters of credit, which neither Investbanka nor its agent Beogradska had ever forwarded to P & G in the first instance. We disagree and hold that the formality of presenting the documents as provided for under Article 46 does not apply where, in instances such as this, the issuing bank anticipatorily repudiates the letters of credit, by indicating a clear intention not to perform its obligation, before the expiration of the period of presentment.

■ Investbanka's second argument on appeal is that Article 19 of the UCP precludes anticipatory repudiation actions where economic sanctions are in place. UCP Article 19 provides:

> Banks assume no liability or responsibility for the consequences arising out of the interruption of their business by Acts of God, riots, civil commotions, insurrections, wars or any other causes beyond their control, or by any strikes or lockouts. Unless specifically authorized, banks will not, upon resumption of their business, pay, incur a deferred payment undertaking, accept Draft(s) or negotiate under Credits which expired during such interruption of their business.

We do not reach this issue. Investbanka did not raise it to the district court until its post-trial Rule 50 and 59 motions. As to the Rule 50 motion, the district court found that the issue was waived because it had not been raised in a motion for a directed verdict at the close of all of the evidence. We agree. *Cruz v. Local Union Number 3*, 34 F.3d 1148, 1155 (2d Cir.1994) ("[T]he rule is well established that a motion for directed verdict at the close of all the evidence is a prerequisite for [Rule 50] judgment as a matter of law.").

We also find Investbanka's appeal of this issue from its Rule 59 motion defective. The district court denied the Rule 59 motion in an order dated May 1, 2000. *See Procter & Gamble Cellulose Co. v. Investbanka Beograd*, Civ. No. 98–2359, 2000 WL 520630, at \*5 (S.D.N.Y. May 1, 2000). Investbanka's notice of appeal had been filed on April 20, 2000—prior to the district court's disposition of the Rule 59 motion. The notice of appeal only states that it is an appeal from the district court's "Judgment dated March 23, 2000," which did not address the UCP Article 19 challenge. Investbanka never amended the notice of appeal to include the district court's Rule 59 order. "[I]n order to contest the denial of a Rule 59(e) motion, a new or amended notice of appeal must be filed." *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir.2000) (en banc). Hence, Investbanka's UCP Article 19 challenge is not properly before us on this appeal.

For these reasons, the judgment of the district court is hereby AFFIRMED.